NICHOLS, SHEPARD & CO. V. J. L. MILLER ET AL.

[FILED APRIL 13, 1892.]

Sale : WARRANTY: ACTION ON NOTE. In an action upon certain
notes given for a threshing machine and engine, the defendant
admitted the execution of the notes but pleaded a breach of
• warranty and damages; that the machine had been taken by the
plaintiff under a chattel mortgage and sold. The testimony
tended to show that the machine was defective and that the
plaintiff had failed to make it work properly after notice of the
defects, and that the purchaser had acted in good faith and had
paid $156 on the machine. *Held*, That a verdict for $200 in favor
of the purchaser would not be set aside.

ERROR to the district court for York county. Tried
below before NORVAL, J.

*George B. France,* for plaintiff in error.

*Sedgwick & Power, contra.*

MAXWELL, CH. J.

This action was brought in the district court of York
county by the plaintiff against the defendant to recover
upon four promissory notes each for the sum of $175.
The notes were dated July 29, 1885. They were given
for a threshing machine and engine, the whole price of
which was $1,050, upon which the defendant, on the 2d
day of September, 1886, paid the sum of $156. The de-
fendants in their answer admit the making and delivery
of the notes, but allege a breach of warranty and claim
damages in the sum of $550. On the trial of the cause
the jury returned a verdict for $200 in favor of the de-
fendants, upon which judgment was rendered. The testi-
mony shows that the separator had been used before the
defendants obtained it, but had been repainted; that it had

been exposed to the weather and greatly injured. It also appears that it did not do good work; that the engine was not sufficient to perform the service required of it. It also appears that the machinery was mortgaged to the company and afterwards taken by it and sold under the mortgage. So far as we can see the purchasers acted in good faith, and the defects complained of, or many of them, were actual defects in the machinery which the company failed to remedy. It would serve no good purpose, to review the testimony at length. No error appears in the record and the judgment is

AFFIRMED.

POST, J., concurs.

NORVAL, J., having tried the case in the district court, did not offer an opinion.